CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 8 2007

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERICA LYNN SMITH,<br> Plaintiff, | )<br>)<br>)   Civil Action No. 7:06-cv-00521 |
| v. | )<br>) |
| CAPT. A. RODRIGUEZ, et al.,<br> Defendants. | )<br>)   By: Hon. Michael F. Urbanski<br>)   United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Erica Lynn Smith ("Smith"), an inmate proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Smith alleges that while incarcerated at the Fluvanna Correctional Center for Women ("Fluvanna") the defendants violated her constitutional rights by exposing her to environmental tobacco smoke ("ETS") and by denying her requests to be moved to nonsmoking housing. By Order entered December 4, 2006, all dispositive matters in this action were referred to the undersigned to submit proposed findings of fact and a recommended disposition.

This matter is before the court on defendants' motion for summary judgment. The court notified Smith of defendants' motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised her that failure to reply to the defendants' motion may result in dismissal and/or summary judgment being granted for the defendants. As Smith has filed a response to defendants' motion and the time allotted for any further response has expired, this matter is ripe for disposition.

Upon review of the record, the undersigned finds that Smith failed to properly exhaust her claims pursuant to 42 U.S.C. § 1997e(a). Accordingly, the undersigned recommends that

defendants' motion for summary judgment be granted and Smith's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

Smith alleges that on August 8, 2006, she was moved from wing 2C, a non-smoking wing of Fluvanna, to wing 1D, another non-smoking wing, due to a conflict with another inmate. Thereafter, Smith complained to defendant Lt. Burrus that her cellmate in wing 1D was smoking, that she had a history of bronchial infections, that the smoke was "really bothering [her]," and that she had a "severe history" with one of the inmates in that wing. Smith alleges that although wing 1D was designated as non-smoking, the prison officials did not enforce the non-smoking rules. On August 22, 2006, Smith filed a grievance form regarding her placement with inmates who smoke and her desire to be moved.

On August 26, 2006, Smith filed her § 1983 complaint with this court. On that same day, Smith went to the infirmary after a coughing attack. She alleges that she coughed so hard that her "chest started to hurt," and when the medical staff released her, they told her to "stay away from smoke and out of the heat." Smith states that while in wing 1D, her health was in jeopardy due to her exposure to ETS, she was "constantly coughing and wheezing," and she could not use the bathrooms because people were smoking in the stalls. Smith claims she made repeated requests to be moved out of wing 1D and into wing 3D of the facility.

Three days later, on August 29, 2006, Smith was moved from wing 1D to wing 3D. Smith claims that while wing 3D had previously been non-smoking, it was changed to a smoking wing prior to her transfer there and, therefore, she was still being exposed to ETS. She had to go to the infirmary repeatedly and was placed on medication to prevent her from coughing up

2

blood. In Smith's amended complaint, she adds Warden Wheeler, Lt. McGhee, and Trudy Freas as defendants claiming that these three defendants denied her several requests to be moved to a non-smoking cell or wing. However, by letter, received December 7, 2006, Smith notified the court that in mid-October, she was moved into a non-smoking wing with a non-smoking cellmate.

## II.

In their motion for summary judgment, defendants argue that Smith failed to exhaust her administrative remedies with respect to all of her claims. The defendants concede that Smith submitted a regular grievance form dated August 22, 2006. In that grievance form, Smith indicated that she was waiting on an informal complaint to come back from Lt. Burrus. As indicated on the back of that grievance form, the form was refused for intake and returned to Smith on the basis that she had provided "insufficient information." Defendants submitted an affidavit from Fluvanna's Grievance Coordinator advising that "[i]f an inmate wishes review of the intake decision on any grievance, [s]he may send the grievance to the applicable Regional Ombudsman for a determination." Defendants argue that Smith never appealed the intake decision and, therefore, she has not fully exhausted the grievance procedure available to her.

## III.

In deciding a motion to dismiss the court must construe all facts in the light most favorable to the plaintiff and must assume all facts alleged in the complaint to be true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Then, the motion to dismiss should be granted only if it is clear that as a matter of law no relief could be granted under any set of facts. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

Defendants argue that Smith failed to properly exhaust all available administrative remedies before filing this action. Smith counters that she "was never told anything about appealing to the Regional Ombudsman," but concedes that she was told that the regular grievance form, as submitted, was insufficient. She further argues that once the grievance was returned to her, she "continued up the chain by writing [to] the warden and the director of the D.O.C. . . . ."

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust all available administrative remedies before bringing a claim under § 1983. 42 U.S.C. § 1997e(a) (2000), Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006) (stating that "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory"); Cutter v. Wilkinson, 544 U.S. 709, 723 n.12 (2005). Furthermore, prisoners must not just initiate timely grievances, but must also make a timely appeal of any denial of relief through all levels of available administrative review. Woodford, 126 S.Ct. at 2387 (holding that the PLRA requires "proper exhaustion" of institutional administrative remedies before filing any federal suit challenging prison conditions); Porter v. Nussle, 534 U.S. 516, 532 (2002) (stating that the PLRA applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"); Booth v. Churner, 532 U.S. 731, 739 (2001) (finding that PLRA requires administrative exhaustion prior to the filing of a federal civil rights suit even if the form of relief the inmate seeks is not available through exhaustion of administrative remedies).

To establish exhaustion of administrative remedies, Smith submitted a grievance dated August 22, 2006, in which she describes how she came to be housed in an area where a large

4

number of inmates smoked, she alleges she spoke to Lt. Burrus about being moved, and she complains that she would still like to be moved away from the smokers. The grievance form indicates that it was refused by intake and returned to her because she provided "insufficient evidence," specifically, that she provided no evidence proving that Lt. Burrus told her that he would move her, that she had problems with the inmates mentioned in the grievance, or that she had a non-smoking contract. On the form, it specifically states "If you disagree with this decision, you have 5 calendar days from date to receipt to submit to the Regional Ombudsman for a review of the intake decision."

Smith concedes that she did not appeal the refusal of her August 22, 2006 grievance, but argues that she did not appeal because she "was never told anything about appealing." However, the institutional response to Smith's grievance form, submitted by Smith, clearly states that she had five days to appeal the decision to the Regional Ombusdman. Smith also alleges that she wrote to the Warden and Director of the Department of Corrections after her grievance was denied. However, these letters were not part of Fluvanna's grievance procedure and, furthermore, they were written after Smith filed her § 1983 complaint with this court. Accordingly, the undersigned finds that Smith failed to satisfy the requirements of 42 U.S.C. § 1997e(a) and recommends that this claim be dismissed. See McGee v. Fed. Bureau of Prisons, et al., 118 Fed. Appx. 471, 476 (10th Cir. 2004) (holding that to have properly exhausted a claim an inmate must have filed grievances with sufficient detail to alert prison officials of the possible constitutional claims which are now alleged as a basis for relief).

## IV.

5

For the reason stated above, the court finds that Smith failed to exhaust all available administrative remedies before filing this civil action. Accordingly, it is recommended that the defendants' motion for summary judgment be granted and that Smith's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The clerk is directed to immediately transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if they have any, to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusions of law rendered herein by the undesigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C § 636(b)(1) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by the reviewing court as a waiver of such objection.

Further, the Clerk is directed to send certified copies of this Report and Recommendation to Plaintiff and all counsel of record.

ENTER: This _____ day of May, 2007.

_____
Michael F. Urbanski
United States Magistrate Judge